1  Humberto M. Guizar, Esq., (SBN 125769)
       *HGuizar@GHCLegal.com*
2  **LAW OFFICES OF HUMBERTO GUIZAR**
   **A PROFESSIONAL CORPORATION**
3  3500 W. Beverly Blvd.,
   Montebello, California 90640
4  Tel: (323) 725-1151; Fax: (323) 597-0101

5  Christian Contreras, Esq., (SBN 330269)
       *CC@Contreras-Law.com*
6  Edwin S. Salguero, Esq., (SBN 344820)
       *ES@Contreras-Law.com*
7  **LAW OFFICES OF CHRISTIAN CONTRERAS**
   **PROFESSIONAL LAW CORPORATION**
8  360 E. 2nd St., 8th Floor
   Los Angeles, California 90012
9  Tel: (323) 435-8000; Fax: (323) 597-0101

10                **UNITED STATES DISTRICT COURT**

11           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12

13  ESTATE OF MARGARITA LUNA, by     )   **CASE NO.: 8:23-cv-2180**
    and through her successors in interests; )
14  D.P.1, individually and as a successor in )   **COMPLAINT FOR DAMAGES**
    interest, represented by and through her )
15  guardian ad litem, ROBERT LUNA; )   1. Failure to Protect from Harm,
    D.P.2, individually and as a successor in )      Fourteenth Amendment Violation (42
16  interest, represented by and through his )      U.S.C. § 1983);
    guardian ad litem, ROBERT LUNA; )   2. Failure to Provide Medical Care,
17  RAYMUNDO LUNA, individually; )      Fourteenth Amendment Violation (42
    MARGARITA LUNA SR., individually, )      U.S.C. § 1983);
18                                     )   3. Deprivation of the Right to Familial
                     Plaintiffs,       )      Relationship with Decedent (42
19                                     )      U.S.C. § 1983);
             v.                        )   4. Policies, Customs, Practices Causing
20                                     )      Constitutional Violations (*Monell*, 42
    ORANGE COUNTY SHERIFF'S            )      U.S.C. § 1983);
21  DEPARTMENT, a public entity;       )   5. Supervisory Liability Causing
    ORANGE COUNTY, a public entity;    )      Constitutional Violations (Failure to
22  SHERIFF DON BARNES, in his         )      Properly Train, Supervise and
    individual capacity; SERGEANT      )      Discipline, 42 U.S.C. § 1983);
23  ALIAN SIRGY, individually; DEPUTY  )   6. Negligence – Wrongful Death;
    KENNETH HARNDEN, individually;     )   7. Negligence – Medical Malpractice;
24  DEPUTY AIMEE HIDALGO,              )   8. Violation of California Government
    individually; DEPUTY ALYSSA        )      Code §845.6;
25  MADDALENA, individually; and       )   9. Violation of California Civil Code
    DOES 1-10, individually,           )      §52.1 (Tom Bane Act);
26                                     )
                     Defendants.       )   **DEMAND FOR JURY TRIAL**
27                                     )
                                       )
28  _____  )

## JURISDICTION AND VENUE

1.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of California. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

2.     Venue is proper within the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all Defendants reside within this district and the events and omissions giving rise to Plaintiffs' claims occurred within this district.

3.     Plaintiffs have complied with the California Tort Claims Act requirements with respect to their claims arising under state law.

4.     With respect to these supplemental state claims, Plaintiffs request that this Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over such claims as they arise from the same facts and circumstances which underlie the federal claims.

## PARTIES

5.     Plaintiffs D.P.1, and D.P.2, were the natural children of MARGARITA LUNA (hereafter "LUNA" or "DECEDENT"), and at all times relevant hereto were residents of Orange County, California. Plaintiffs D.P.1, and D.P.2 bring these claims pursuant to California Code of Civil Procedure §§ 377.20 *et seq.* and 377.60 *et seq.*, which provide for survival and wrongful death actions. Plaintiff D.P.1, and D.P.2 also bring these claims individually and on behalf of decedent MARGARITA LUNA on the basis of 42 U.S.C. § 1983 and § 1988, the United States Constitution, federal and state civil rights law and California law. Plaintiffs D.P.1, and D.P.2 also bring these claims as a Private Attorney General, to vindicate not only their rights, but others' civil rights of great importance.

6.     Plaintiff RAYMUNDO LUNA, and at all times relevant hereto was a resident of Orange County, California. Plaintiff RAYMUNDO LUNA is DECEDENT's father and brings his claims in his individual capacity.

///

7.     Plaintiff MARGARITA LUNA SR., and at all times relevant hereto was a resident of Orange County, California. Plaintiff MARGARITA LUNA SR. brings her claims in his individual capacity.

8.     Defendant COUNTY OF ORANGE is a chartered subdivision of the State of California with the capacity to sue and be sued.

9.     Defendant ORANGE COUNTY SHERIFF's DEPARTMENT ("OCSD") is the sheriff's department for Defendant COUNTY, and OCSD is also a separate legal entity.[1]

10.     Defendant SHERIFF DON BARNES (hereinafter also "BARNES"), at all times mentioned herein, was the Sheriff of Defendant ORANGE COUNTY, the highest position in the COUNTY Jails. As Sheriff, Defendant BARNES is and was responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and control of all COUNTY Jails' employees and/or agents. Defendant BARNES is and was charged by law with oversight and administration of the COUNTY Jails, including ensuring the safety of the inmates housed therein. Defendant BARNES also is and was responsible for the promulgation of the policies and procedures and allowance of the practices/customs pursuant to which the acts of the COUNTY Jails alleged herein were committed. Defendant BARNES is being sued in his individual and official capacities.

11.     At all relevant times, Defendants SERGEANT ALIAN SIRGY, DEPUTY KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA MADDALENA, and DOES 1-10, inclusive, were individuals employed as employees/deputies with the defendant OCSD, acting within the course and scope of that employment, under color of law.

12.     Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 10 ("DOE Defendants") and therefore sue these Defendants by such fictitious

---

[1] The Ninth Circuit has held that California law permits § 1983 claims against municipal police departments. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 n. 2 (9th Cir. 1988) ("Municipal police departments are 'public entities' under California law and, hence, can be sued in federal court for alleged civil rights violations.).

names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of each DOE Defendant when they have been ascertained.

13.     The identities, capacities, and/or nature of involvement of the defendants sued as DOES 1 through 10 are presently unknown to the Plaintiffs who therefore sue these defendants by fictitious names. Plaintiffs are informed, believe, and thereupon allege that DOES 1 through 10 include individual law enforcement personnel and medical personnel employed by the OCSD and the COUNTY Correctional Health Services, and that they were involved in some manner and are legally responsible for the wrongful acts and conduct alleged herein. Plaintiffs will amend this complaint to substitute the DOE Defendants' true names and capacities when they have been ascertained. Plaintiffs are informed, believe, and thereupon allege that each DOE defendant is a resident of California. Upon information and belief, DOES 1 through 10 were and still are residents of ORANGE COUNTY, California. DOES 1 through 10 are sued in both their individual and official capacities.

14.     At all relevant times, DOES 7 and 8 were managerial, supervisorial, training, and/or policymaking employees of Defendant COUNTY Correctional Health Services. At the time of the incident, DOES 7 and 8 were acting under color of law within the course and scope of their duties as employees for the COUNTY Correctional Health Services. They had supervisorial authority over DOES 1-10, and the COUNTY Correctional Health Services employees at the COUNTY Jails. DOES 7 and 8 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

15.     At all relevant times, DOES 9 and 10 were managerial, supervisorial, training, and/or policymaking employees of Defendant COUNTY. At the time of the incident, DOES 9 and 10 were acting under color of law within the course and scope of their duties as employees for the OCSD and/or the COUNTY. They had supervisorial

1  authority over DOES 1-10, and the employees of the OCSD. DOES 9 and 10 were acting

2  with the complete authority and ratification of their principal, Defendant COUNTY.

3      16.    Each of the defendants, including the DOE defendants, caused, and is

4  responsible for, the unlawful conduct and resulting injuries suffered by Plaintiffs by,

5  among other things, personally participating in the unlawful conduct, acting jointly, or

6  conspiring with others who did so; by ordering, authorizing, acquiescing in, or setting

7  in motion policies, plans, or actions that led to the unlawful conduct, by failing to take

8  action to prevent the unlawful conduct; by failing and refusing to initiate and maintain

9  adequate training and supervision; by failing to enact policies to address the

10  constitutional rights of protesters despite the obvious need for such a policy; and by

11  ratifying the unlawful conduct that occurred by agents and officers under their direction

12  and control, including failing to take remedial or disciplinary action.

13      17.    Plaintiffs are informed and believe and thereon allege that each of the

14  Defendants was at all material times an agent, servant, employee, partner, joint venturer,

15  co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things

16  herein alleged, was acting within the course and scope of that relationship. Plaintiffs are

17  further informed and believe and thereon allege that each of the Defendants herein gave

18  consent, aid, and assistance to each of the remaining Defendants, and ratified and/or

19  authorized the acts or omissions of each Defendant as alleged herein, except as may be

20  hereinafter specifically alleged. At all material times, each Defendant was jointly

21  engaged in tortious activity and an integral participant in the conduct described herein,

22  resulting in the deprivation of Plaintiffs' and decedent MARGARITA LUNA's

23  constitutional rights and other harm.

24      18.    Plaintiffs are informed, believe, and thereupon allege that, at all times

25  relevant hereto, Defendants, and each of them, acted as the agents, servants, and

26  employees of each of the other defendants.

27      19.    In doing each of the acts and/or omissions alleged herein, Defendants, and

28  each of them, acted within the course and scope of their employment.

**COMPLAINT FOR DAMAGES**

20.     In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under the color of law.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

21.     On September 11, 2022, Decedent MARGARITA LUNA was taken into the custody of the Orange County Sheriff's Department. Upon information and belief, MARGARITA LUNA was booked into the Orange County Intake and Release Center and completed a preliminary medical and psychological screening.

22.     Decedent MARGARITA LUNA was arraigned on September 13, 2022, and was sentenced to serve ninety (90) days with eight (8) days credit for time served. Given that MARGARITA LUNA was only sentenced to ninety (90) days and for a minor misdemeanor, MARGARITA LUNA was ordered to serve her time in an OCSD jail. Decedent had a sentence ending date of October 24, 2022, however, Decedent MARGARITA LUNA did not live long enough to be released.

23.     On September 28, 2022, Decedent MARGARITA LUNA in the Intake Release Center of the OCSD jail in Santa Ana. The Intake Release Center is not a permanent housing facility and not fully equipped for handle medical needs for individuals who have certain medical conditions. Upon information and belief, prior to arriving to the Intake Release Center, MARGARITA LUNA was experiencing obvious symptoms of a serious medical condition. However, Defendants SERGEANT ALIAN SIRGY, DEPUTY KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA MADDALENA, and DOES 1-10, inclusive, who were present at the Intake Release Center, did not provide adequate medical care to MARGARITA LUNA.

24.     MARGARITA LUNA medical condition worsened to such a critical condition that MARGARITA LUNA was transported via ambulance to the Orange County Global Medical Center in Santa Ana at the request of COUNTY medical staff, RN Forband, and Dr. L. Lin. Upon information and belief, Decedent MARGARITA LUNA needed hospitalization due to shortness of breath, vomiting, and nausea.

///

**COMPLAINT FOR DAMAGES**

1    25.   On September 29, 2022, Decedent MARGARITA LUNA was

2    pronounced deceased by Orange County Global Medical Center Dr. I. Iman.

3    26.   Decedent MARGARITA LUNA was a healthy forty-four (44) year-old

4    woman with no prior history of disease or other medical complications. Accordingly,

5    the circumstances of MARGARITA LUNA's death are not consistent with natural

6    causes. With particular concern for the OCSD's reticence about the details of Decedent

7    MARGARITA LUNA's death, the present claimants are informed, believe, and

8    thereon allege that Decedent MARGARITA LUNA's death was a product of reckless

9    exposure to preventable dangers and/or cruel or unusual conditions of confinement in

10   the Orange County Intake and Release Center, deliberate indifference to manifest

11   medical needs, exposure to violence, or some combination thereof.

12   27.   Upon information and belief, knowing that MARGARITA LUNA was

13   experiencing a serious health condition, Defendants SERGEANT ALIAN SIRGY,

14   DEPUTY KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY

15   ALYSSA MADDALENA, and DOES 1-10, inclusive, and each of them, deliberately

16   failed to immediately address MARGARITA LUNA's medical needs.

17   28.   Upon information and belief, Defendants SERGEANT ALIAN SIRGY,

18   DEPUTY KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY

19   ALYSSA MADDALENA, and DOES 1-10, inclusive, had an opportunity to observe

20   the clear signs of MARGARITA LUNA's dire medical needs. However, despite these

21   express signs, Defendants SERGEANT ALIAN SIRGY, DEPUTY KENNETH

22   HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA MADDALENA, and

23   DOES 1-10, inclusive, were indifferent to MARGARITA LUNA's health and safety.

24   29.   Upon information and belief, Defendants SERGEANT ALIAN SIRGY,

25   DEPUTY KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY

26   ALYSSA MADDALENA, and DOES 1-10, inclusive, did not perform timely Title 15

27   welfare and safety checks such that Defendants SERGEANT ALIAN SIRGY,

28   DEPUTY KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY

1  ALYSSA MADDALENA, and DOES 1-10, inclusive, could have rendered life saving
2  measures to MARGARITA LUNA.

3      30.    Upon information and belief, due to the COUNTY Jails patterns and
4  practices of not conducting proper and timely Title 15 welfare and safety checks,
5  MARGARITA LUNA's dire need for emergency medical intervention went unnoticed
6  by the Orange County Intake and Release Center custody, medical and mental health
7  staff, who were responsible for monitoring and ensuring the welfare of all inmates,
8  including Decedent MARGARITA LUNA.

9                              **FIRST CLAIM FOR RELIEF**
10                             **Failure to Protect from Harm,**
11  **Violation of the Fourteenth Amendment to the United States Constitution**
12                        **(Survival Action – 42 U.S.C. § 1983)**
13  **By Plaintiff Estate of MARGARITA LUNA As Against Defendants SERGEANT**
14      **ALIAN SIRGY, DEPUTY KENNETH HARNDEN, DEPUTY AIMEE**
15      **HIDALGO, DEPUTY ALYSSA MADDALENA, and, DOES 1 through 10**

16      31.    Plaintiffs reallege and incorporate herein by reference each of the
17  preceding paragraphs of this complaint, and any subsequent paragraphs.

18      32.    Defendants COUNTY, OCSD, SERGEANT ALIAN SIRGY, DEPUTY
19  KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA
20  MADDALENA, and DOES 1 through 10 were on notice that their deficient policies,
21  procedures, and practices alleged herein created a substantial risk of serious harm to an
22  inmate in decedent MARGARITA LUNA's position.

23      33.    Defendants SERGEANT ALIAN SIRGY, DEPUTY KENNETH
24  HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA MADDALENA, and
25  DOES 1 through 10, could have taken action to prevent unnecessary harm to decedent
26  MARGARITA LUNA but refused or failed to do so.
27  ///
28

8

34.     By policy, procedure, and practice, Defendants COUNTY, OCSD, SERGEANT ALIAN SIRGY, DEPUTY KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA MADDALENA, and DOES 1 through 10 deliberately disregarded the hazards and risks posed to persons incarcerated/detained at the Orange County Intake and Release Center, as alleged above. Defendants failed to take any reasonable steps to mitigate the obvious and well-known risks of harm that was attendant to housing decedent MARGARITA LUNA at the Orange County Intake and Release Center.

35.     Defendants including SHERIFF DON BARNES, and DOES  8 through 10 also knew that deputies routinely failed to conduct required welfare and safety checks at the COUNTY Jails, including the Orange County Intake and Release Center, and failed to take sufficient actions to correct this problem and ensure that necessary checks were performed.

36.     Defendant SHERIFF DON BARNES failed to take corrective action, discipline, or remove the command staff at the COUNTY Jails, including the Orange County Intake and Release Center, who, upon information and belief, directed the deputies to falsify safety check logs and violate the COUNTY's safety check policies. Defendant SHERIFF DON BARNES ratified their actions, and the practices used under his watch.

37.     Defendants COUNTY, OCSD, SERGEANT ALIAN SIRGY, DEPUTY KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA MADDALENA, and DOES 1 through 10 were on notice that their policies, procedures, and practices for monitoring inmates at the COUNTY Jails, including the Orange County Intake and Release Center, were inadequate and gave rise to a substantial risk of serious harm.

38.     Defendants including SHERIFF DON BARNES, and DOES 8 through 10 failed to properly train and supervise OCSD custody, medical and mental health staff regarding policies, procedures, and practices necessary for the protection of inmates

1  from risks and hazards existing within the COUNTY Jails, including the Orange
2  County Intake and Release Center.

3      39.    Defendants including SHERIFF DON BARNES, and DOES 8 through
4  10's failure to correct their policies, procedures, and practices despite notice of
5  significant and dangerous problems evidences deliberate indifference to the inmates in
6  their care.

7      40.    Defendants SHERIFF DON BARNES, and DOES 8 through 10 ratified
8  Defendants SERGEANT ALIAN SIRGY, DEPUTY KENNETH HARNDEN,
9  DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA MADDALENA, and DOES's
10  actions and inactions amounting to constitutional violations.

11      41.    Defendants SERGEANT ALIAN SIRGY, DEPUTY KENNETH
12  HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA MADDALENA, and
13  DOES 1 through 10's failure to conduct the required safety check of decedent
14  MARGARITA LUNA's housing unit on the date leading to her death evidences
15  deliberate indifference to the risk of harm to decedent MARGARITA LUNA.

16      42.    Upon information and belief, Defendants SHERIFF DON BARNES, and
17  DOES 8 through 10 ratified Defendants SERGEANT ALIAN SIRGY, DEPUTY
18  KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA
19  MADDALENA, and DOES's failure to conduct safety checks and falsification of logs.

20      43.    As a direct and proximate result of Defendants' conduct, the civil right of
21  MARGARITA LUNA, as protected by the Fourteenth Amendment of the United States
22  Constitution were violated. Further, decedent MARGARITA LUNA experienced
23  physical pain, severe emotional distress, and mental anguish, as well as loss of her life
24  and other damages alleged herein.

25      44.    Defendants subjected decedent MARGARITA LUNA to their wrongful
26  conduct, depriving DECEDENT of rights described herein, knowingly, maliciously,
27  and with conscious and reckless disregard for whether the rights and safety of Decedent
28  and others would be violated by their acts and/or omissions.

45.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, DECEDENT, through Plaintiffs herein, sustained injuries and damages.

46.     The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants COUNTY.

47.     Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## SECOND CLAIM FOR RELIEF

### Failure to Provide Medical Care,

### Violation of the Fourteenth Amendment to the United States Constitution

### (Survival Action – 42 U.S.C. § 1983)

### By Plaintiff Estate of MARGARITA LUNA As Against SERGEANT ALIAN SIRGY, DEPUTY KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA MADDALENA, and DOES 1 through 10

48.     Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

49.     By the actions and omissions described above, Defendants SERGEANT ALIAN SIRGY, DEPUTY KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA MADDALENA, and DOES 1 through 10, as alleged herein, violated 42 U.S.C. § 1983, depriving decedent MARGARITA LUNA, through Plaintiffs herein, of the following clearly established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution: Decedent's right to be free from deliberate indifference to MARGARITA LUNA's serious medical and mental health needs while in custody.

50.     Despite MARGARITA LUNA's need for medical care, Defendants DOES 1 through 10, failed to provide MARGARITA LUNA with any medical care. Worse yet, even after being screened when booked, Defendants SERGEANT ALIAN

SIRGY, DEPUTY KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA MADDALENA, and DOES 1 through 10, were further deliberately indifferent to MARGARITA LUNA's medical needs. Finally, on September 28, 2022, MARGARITA LUNA was found in her cell with shortness of breath, nausea, and vomiting, and died on September 29, 2022, which was caused by Defendants SERGEANT ALIAN SIRGY, DEPUTY KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA MADDALENA, and DOES 1 through 10,, ignoring MARGARITA LUNA's medical needs.

51.     By the actions and omissions described above, Defendants SERGEANT ALIAN SIRGY, DEPUTY KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA MADDALENA, and DOES 1 through 10,, as alleged herein, including but not limited to their failure to provide decedent MARGARITA LUNA with appropriate emergency medical and mental health care, along with the acts and/or omissions of Defendants in failing to train, supervise, and/or promulgate appropriate policies and procedures to provide emergency medical and mental health care and life-saving care to persons in their custody, constituted deliberate indifference to MARGARITA LUNA's serious medical and mental health needs, health, and safety.

52.     As a direct and proximate result of Defendants' conduct, the civil rights of MARGARITA LUNA, as protected by the Fourteenth Amendment of the United States Constitution were violated. Further, decedent MARGARITA LUNA experienced physical pain, severe emotional distress, and mental anguish, as well as loss of his life and other damages alleged herein.

53.     Defendants subjected Decedent to their wrongful conduct, depriving Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Decedent and others would be violated by their acts and/or omissions.

54.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Decedent, through Plaintiffs herein, sustained injuries and damages.

55.     The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants COUNTY.

56.     Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

### THIRD CLAIM FOR RELIEF

**Deprivation of the Right to Familial Relationship with Decedent,**

**Violation of the Fourteenth Amendment to the United States Constitution**

**(42 U.S.C. § 1983)**

**By Plaintiffs D.P.1, D.P.2, RAYMUNDO LUNA, and MARGARITA LUNDA SR., individually, As Against SERGEANT ALIAN SIRGY, DEPUTY KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA MADDALENA, and DOES 1 through 10**

57.     Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

58.     The aforementioned acts and/or omissions of Defendants DOES 1 through 10 in being deliberately indifferent to decedent MARGARITA LUNA's protection, safety, and serious medical and mental health needs, violating decedent MARGARITA LUNA's constitutional rights, and their failure to train, supervise, and/or take other appropriate measures to prevent the acts and/or omissions that caused the untimely and wrongful death of MARGARITA LUNA deprived Plaintiffs RAYMUNDO LUNA, D.P.1, and D.P.2, of their liberty interests in the familial relationship in violation of their substantive due process rights as defined by the Fourteenth Amendments of the Constitution.

59.     All of the acts of Defendants SERGEANT ALIAN SIRGY, DEPUTY KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA MADDALENA, and DOES 1 through 10 and the persons involved were done under color of state law.

60. The acts and omissions of each Defendants deprived Plaintiffs RAYMUNDO LUNA, D.P.1, and D.P.2, of rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to the Fourteenth Amendment by, among other things, depriving Plaintiffs of their rights to a familial relationship with decedent MARGARITA LUNA without due process of law by their deliberate indifference in denying MARGARITA LUNA protection and safety while incarcerated at the Orange County Intake and Release Center and access to medical care while suffering a medical emergency at the Orange County Intake and Release Center.

61. Defendants SERGEANT ALIAN SIRGY, DEPUTY KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA MADDALENA, and DOES 1 through 10 and the other involved agents and employees acted pursuant to expressly adopted official policies or longstanding practices or customs of the COUNTY and OCSD. These include policies and longstanding practices or customs of failing to provide persons in pretrial custody who are experiencing medical emergencies access to medical care as stated above and incorporated herein.

62. In addition, the training policies of the COUNTY and OCSD were not adequate to train its deputies, agents and employees to handle the usual and recurring situations with which they must deal with, including but not limited to encounters with individuals in custody who are experiencing medical emergencies. These Defendants and each of them knew that its failure to adequately train its COUNTY custody, medical and mental health staff, including other agents and employees, to interact with individuals suffering from medical emergencies made it highly predictable that its custody, medical and mental health staff would engage in conduct that would deprive persons such as decedent MARGARITA LUNA, and thus Plaintiffs of their rights. These Defendants were thus deliberately indifferent to the obvious consequences of their failure to train their deputies, agents and employees adequately.

///

63.     Defendants COUNTY and OCSD's official policies and/or longstanding practices or customs, including but not limited to its training policies, caused the deprivation of the constitutional rights of Plaintiffs RAYMUNDO LUNA, D.P.1, D.P.2, and decedent MARGARITA LUNA by each individual Defendant's official policies and/or longstanding practices or customs are so closely related to MARGARITA LUNA's injuries and death and thus the deprivation of the rights of Plaintiffs as to be the moving force causing those injuries.

64.     Defendant SHERIFF DON BARNES, a final policymaker for the COUNTY and OCSD, ratified the actions and omissions of Defendants SERGEANT ALIAN SIRGY, DEPUTY KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA MADDALENA, and DOES 1 through 10,, all of whom were custody, medical and mental health staff at the COUNTY Jails, including the Orange County Intake and Release Center, in that he had knowledge of and made a deliberate choice to approve their unlawful acts and omissions.

65.     As a direct and proximate result of Defendants' conduct, the civil rights of MARGARITA LUNA, as protected by the Fourteenth Amendment of the United States Constitution were violated. Further, decedent MARGARITA LUNA experienced physical pain, severe emotional distress, and mental anguish, as well as loss of his life and other damages alleged herein.

66.     Defendants subjected Decedent to their wrongful conduct, depriving Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Decedent and others would be violated by their acts and/or omissions.

67.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages.

68.     The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants COUNTY.

69.     Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

**FOURTH CLAIM FOR RELIEF**

**Municipal Policies, Customs, Practices Causing Constitutional Violations**

**(*Monell* - 42 U.S.C. § 1983)**

**By Plaintiffs ESTATE OF MARGARITA LUNA  As Against Defendants COUNTY AND OCSD**

70.     Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

71.     At all times relevant hereto, OCSD andd COUNTY custody, medical and mental health staff were required to adhere to and enforce the following policies and procedures:

a.     To deny pretrial detainees and other inmates access to timely, appropriate, competent, and necessary care for serious medical needs, requiring such inmates in crisis to remain untreated in jail instead of providing for their emergency medical needs;

b.     To allow and encourage deputies doing regular cell checks on inmates, including in safety cells, to fail to document their actual observations of the inmate's condition and status, in violation of Orange County's written policies and state law;

c.     To allow and encourage inadequate and incompetent medical care for jail inmates and arrestees;

d.     To hire, retain and contract for obviously inadequate medical care for jail inmates and arrestees, including creating financial incentives for custodial and medical personnel not to send inmates with emergency medical needs to a hospital;

e.     To allow, encourage, and require medical staff, including licensed vocational nurses and registered nurses, to work outside their legal scope

1    of practice and without appropriate supervision;

2    f.    To fail to train custody staff that medical staff, including licensed

3          vocational nurses, are not competent to assess or decide inmates' medical

4          conditions, medical needs, or whether the inmate should be permitted to

5          remain in the jail versus being sent to a hospital;

6    g.    To allow, encourage, and require unlicensed, incompetent, inadequately

7          trained and/or inadequately supervised staff to assess inmates' medical

8          condition, needs, and treatment, including to decide whether or not to

9          provide inmates with necessary emergency care and hospitalization;

10   h.    To fail to institute, require, and enforce proper and adequate training,

11         supervision, policies, and procedures concerning handling persons in

12         medical crisis;

13   i.    To cover up violations of constitutional rights by any or all of the

14         following:

15         i.    By failing to properly investigate and/or evaluate incidents of

16               violations of rights, including by unconstitutional medical care at

17               the jail;

18         ii.   By ignoring and/or failing to properly and adequately investigate

19               and/or investigate and discipline unconstitutional or unlawful

20               conduct by custodial and medical personnel;

21         iii.  By turning a blind eye to custodial and medical personnel who

22               direct, aid, and/or assist with the distribution of hazards, including

23               illicit drugs, into Orange County jails; and

24         iv.   By allowing, tolerating, and/or encouraging custodial and medical

25               personnel to: fail to file complete and accurate reports; file false

26               reports; make false statements; and/or obstruct or interfere with

27               investigations of unconstitutional or unlawful conduct by

28               withholding and/or concealing material information;

**COMPLAINT FOR DAMAGES**

j.  To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers, OCSD personnel, custodial personnel and medical personnel at the jail whereby an officer or member of the OCSD or medical staff does not provide adverse information against a fellow officer, or member of the OCSD or the medical staff;

k.  To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in subparagraphs (a) through (j) above, with deliberate indifference to the rights and safety of pretrial detainees, such as Decedent, and in the face of an obvious need for such policies, procedures, and training programs.

72.  The unconstitutional actions and/or omissions of Defendants SERGEANT ALIAN SIRGY, DEPUTY KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA MADDALENA, and DOES 1 through 10, as well as other officers employed by or acting on behalf of the COUNTY and OCSD, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the COUNTY and the OCSD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policymaking officers for the COUNTY and OCSD, including SHERIFF DON BARNES:

a.  To fail to properly and adequately hire, train, supervise, and monitor custodial and medical personnel at the jails;

b.  To fail to use appropriate and generally accepted law enforcement procedures for handling persons in medical crisis;

c.  To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling persons in medical crisis;

d.  To cover up violations of constitutional rights by any or all of the following:

> i. By failing to properly investigate and/or evaluate complaints or incidents of handling of persons in medical crisis;
>
> ii. By ignoring and/or failing to properly and adequately investigate and/or discipline unconstitutional or unlawful law enforcement activity; and
>
> iii. By allowing, tolerating, and/or encouraging law enforcement officers to: fail to file complete and accurate reports; file false reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct by withholding and/or concealing material information;

e. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers whereby an officer does not provide adverse information against a fellow law enforcement officer;

f. To allow, tolerate, and/or encourage a "code of silence" among custodial and medical personnel at the COUNTY jails whereby custodial and medical personnel does not provide adverse information against a fellow staffer;

g. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in subparagraphs (a) through (g) above, with deliberate indifference to the rights and safety of pretrial detainees, such as Decedent, and in the face of an obvious need for such policies, procedures, and training programs.

73. Defendants COUNTY and OCSD, through their employees and agents, and through their policy-making supervisors, SHERIFF DON BARNES and DOES 8 through 10, failed to properly hire, train, instruct, monitor, supervise, evaluate,

investigate, and discipline Defendants SERGEANT ALIAN SIRGY, DEPUTY KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA MADDALENA, and DOES 1 through 10, and other COUNTY and OCSD personnel, with deliberate indifference to the constitutional rights of decedent MARGARITA LUNA, Plaintiffs and others in similar positions, as described above, and therefore, those rights thereby violated.

74.    The unconstitutional actions and/or omissions of Defendants SERGEANT ALIAN SIRGY, DEPUTY KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA MADDALENA, and DOES 1 through 10, and other OCSD custody and medical staff, as described above, were approved, tolerated, and/or ratified by policymaking officers for the COUNTY and OCSD, including Defendants SHERIFF DON BARNES and DOES 8 through 10. Plaintiffs are informed and believe and thereon allege that the details of this incident have been revealed to the authorized policymakers within the COUNTY and OCSD, and that such policymakers have direct knowledge of the fact that the death of MARGARITA LUNA was the result of deliberate indifference to his rights to be protected and safe while in the custody of the COUNTY/OCSD, and his rights to have access to medical care when suffering a medical emergency. Notwithstanding this knowledge, the authorized policymakers within the COUNTY and OCSD have approved of the conduct and decisions of Defendants DOES 1 through 10 in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the death of MARGARITA LUNA. By so doing, the authorized policymakers within the COUNTY and OCSD have shown affirmative agreement with the individual Defendants' actions and have ratified the unconstitutional acts of the individual Defendants. Furthermore, Plaintiffs are informed and believe, and thereupon allege, that Defendants SHERIFF DON BARNES and DOES 8 through 10, and other policy-making officers for the COUNTY and OCSD were and are aware of a pattern of misconduct and injury caused by COUNTY Jails custody and medical staff similar to

1  the conduct of Defendants described herein, but failed to discipline culpable custody

2  and medical staff and failed to institute new procedures and policy within the

3  COUNTY and OCSD.

4      75.    The aforementioned customs, policies, practices, and procedures; the

5  failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate,

6  investigate, and discipline; and the unconstitutional orders, approvals, ratification, and

7  toleration of wrongful conduct of Defendants COUNTY and OCSD were a moving

8  force and/or a proximate cause of the deprivations of decedent MARGARITA LUNA's

9  clearly established and well-settled constitutional rights in violation of 42 U.S.C. §

10 1983. Defendants subjected decedent MARGARITA LUNA to their wrongful conduct,

11 depriving decedent MARGARITA LUNA of rights described herein, knowingly,

12 maliciously, and with conscious and reckless disregard for whether the rights and safety

13 of decedent MARGARITA LUNA, Plaintiff and others would be violated by their acts

14 and/or omissions.

15     76.    As a direct and proximate result of the unconstitutional actions, omissions,

16 customs, policies, practices, and procedures of Defendants COUNTY and OCSD, as

17 described above, decedent MARGARITA LUNA suffered serious injuries and death,

18 Plaintiff is entitled to damages, penalties, costs, and attorneys' fees against Defendants

19 COUNTY and OCSD.

20                    **FIFTH CLAIM FOR RELIEF**

21         **Supervisory Liability Causing Constitutional Violations,**

22  **(Failure to Properly Train, Supervise and Discipline, 42 U.S.C. § 1983)**

23  **By Plaintiff Estate of MARGARITA LUNA As Against Defendants SHERIFF**

24              **DON BARNES, and DOES 7 through 10**

25     77.    Plaintiffs reallege and incorporate herein by reference each of the

26 preceding paragraphs of this complaint, and any subsequent paragraphs.

27     78.    At all material times, SHERIFF DON BARNES and DOES 8 through 10

28 had the duty and responsibility to constitutionally hire, train, instruct, monitor,

21

**COMPLAINT FOR DAMAGES**

supervise, evaluate, investigate, staff, and discipline the other Defendants employed by their respective agencies in this matter, as well as all employees and agents of the COUNTY and OCSD.

79. Defendants SHERIFF DON BARNES, and DOES 8 through 10 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline the respective employees of their agencies, including Defendants DOES 1 through 10, and other COUNTY and OCSD personnel, with deliberate indifference to Plaintiffs', decedent MARGARITA LUNA's, and others' constitutional rights, which were thereby violated as described above.

80. As supervisors, Defendants SHERIFF DON BARNES, and DOES 8 through 10 each permitted and failed to prevent the unconstitutional acts of other Defendants and individuals under their supervision and control, and failed to properly supervise such individuals, with deliberate indifference to the rights to safety and protections while incarcerated at Orange County Intake and Release Center and the rights to the serious medical and mental health needs of decedent MARGARITA LUNA Supervising Defendants either directed his or her subordinates in conduct that violated Decedent's rights, or set in motion a series of acts and omissions by his or her subordinates that the supervisor knew or reasonably should have known would deprive decedent MARGARITA LUNA of rights, or knew his or her subordinates were engaging in acts likely to deprive decedent MARGARITA LUNA of rights and failed to act to prevent his or her subordinate from engaging in such conduct, or disregarded the consequence of a known or obvious training deficiency that he or she must have known would cause subordinates to violate decedent MARGARITA LUNA's rights, and in fact did cause the violation of decedent MARGARITA LUNA's rights. (*See*, Ninth Circuit Model Civil Jury Instruction 9.4). Furthermore, each of these supervising Defendants is liable in their failures to intervene in their subordinates' apparent violations of decedent MARGARITA LUNA's rights.

///

81.     The unconstitutional customs, policies, practices, and/or procedures of Defendants COUNTY and OCSD, as stated herein, were directed, encouraged, allowed, and/or ratified by policymaking officers for Defendants COUNTY and OCSD, including Defendants SHERIFF DON BARNES, and DOES 8 through 10, respectively, with deliberate indifference to Plaintiff's, decedent MARGARITA LUNA's, and others' constitutional rights, which were thereby violated as described above.

82.     The unconstitutional actions and/or omissions of Defendants SERGEANT ALIAN SIRGY, DEPUTY KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA MADDALENA, and DOES 1 through 10,, and other COUNTY and OCSD personnel, as described above, were approved, tolerated, and/or ratified by policymaking officers for the COUNTY and OCSD, including Defendants SHERIFF DON BARNES, and DOES 8 through 10.

83.     Plaintiff is informed and believes and thereon alleges that the details of this incident have been revealed to Defendants SHERIFF DON BARNES,  and DOES 8 through 10 and that such Defendant-policymakers have direct knowledge of the fact that the death of decedent MARGARITA LUNA was not justified or necessary, but represented deliberate indifference to her rights to be protected and safe while in the COUNTY's custody and her rights to her serious medical and mental health needs, as set forth above. Notwithstanding this knowledge, on information and belief, Defendants SHERIFF DON BARNES and DOES 8 through 10 have approved and ratified of the conduct and decisions of Defendants DOES 1 through 10 in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the death of MARGARITA LUNA.  By so doing, Defendants SHERIFF DON BARNES and DOES 8 through 10 have shown affirmative agreement with the individual Defendants' actions and have ratified the unconstitutional acts of the individual Defendants.

///

84.     Furthermore, Plaintiffs are informed and believe, and thereupon allege, that Defendants SHERIFF DON BARNES, and DOES 8 through 10 and other policymaking officers for the COUNTY and OCSD were and are aware of a pattern of misconduct and injury, and a code of silence, caused by COUNTY and OCSD custody, medical and mental health staff personnel similar to the conduct of Defendants described herein, but failed to discipline culpable law enforcement officers and employees and failed to institute new procedures and policy within the COUNTY and OCSD.

85.     The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants SHERIFF DON BARNES, and DOES 8 through 10 were a moving force and/or a proximate cause of the deprivations of decedent MARGARITA LUNA's clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth above.

86.     Defendants subjected decedent MARGARITA LUNA to their wrongful conduct, depriving decedent MARGARITA LUNA of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of decedent MARGARITA LUNA and others would be violated by their acts and/or omissions.

87.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants SHERIFF DON BARNES, and DOES 8 through 10 as described above, Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs, and attorneys' fees.

///

///

///

///

## SIXTH CLAIM FOR RELIEF

### Negligence – Wrongful Death

### By Plaintiff Estate of MARGARITA LUNA As Against All Defendants

88.    Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

89.    At all times, Defendants SERGEANT ALIAN SIRGY, DEPUTY KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA MADDALENA, and DOES 1 through 10, owed Plaintiffs and decedent MARGARITA LUNA  the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

90.    At all times, Defendants SERGEANT ALIAN SIRGY, DEPUTY KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA MADDALENA, and DOES 1 through 10, owed Plaintiffs and decedent MARGARITA LUNA the duty to act with reasonable care.

91.    These general duties of reasonable care and due care owed to Plaintiffs and decedent MARGARITA LUNA by these Defendants include but are not limited to the following specific obligations:

    a. To summon, or transport Decedent to, necessary and appropriate emergency medical and mental health care;

    b. To refrain from unreasonably creating danger or increasing Decedent's risk of harm;

    c. To use generally accepted law enforcement procedures and tactics that are reasonable and appropriate for Decedent's status as a person in medical and mental health crisis with serious medical and mental health needs;

    d. To conduct state-mandated safety and welfare checks of inmates in the custody of the COUNTY Jails, which included the Orange County Intaje and Release Center;

    e. To refrain from abusing their authority granted them by law; and

f. To refrain from violating Plaintiffs' and Decedent's rights as guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

92. Defendants SERGEANT ALIAN SIRGY, DEPUTY KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA MADDALENA, and DOES 1 through 10, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs and decedent MARGARITA LUNA.

93. Defendants COUNTY and OCSD are vicariously liable for the violations of state law and conduct of their officers, deputies, employees, and agents, including individual named defendants, under California Government Code § 815.2.

94. As a direct and proximate result of these Defendants' negligence, Plaintiffs and decedent MARGARITA LUNA sustained injuries and damages, and against each and every Defendant named in this claim for relief in their individual capacities are entitled to relief, including punitive damages against such individual Defendants.

## SEVENTH CLAIM FOR RELIEF

### Negligence – Medical Malpractice

### By Plaintiff ESTATE OF MARGARITA LUNA As Against DOES 1-10

95. Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

96. Decedent MARGARITA LUNA was under the care and treatment of Defendants DOES 1 through 10, all of whom were COUNTY medical staff assigned to the COUNTY Jails, including the Orange County Intake and Release Center, who were required to examine, treat, monitor, prescribe for and care for her and to provide him with medical attention when he suffered a medical emergency. These Defendants, acting within the scope and course of their employment with Defendants COUNTY and OCSD, negligently, carelessly and unskillfully cared for, attended, handled, controlled; failed to monitor and follow-up; abandoned; failed to classify, failed to

appropriately diagnose and/or refer decedent MARGARITA LUNA to specialist medical care providers; negligently failed to provide physician care; negligently failed to provide psychiatry care; carelessly failed to detect, monitor, and follow-up with her condition; and negligently, carelessly and unskillfully failed to possess and exercise that degree of skill and knowledge ordinarily possessed and exercised by others in the same profession and in the same locality as Defendants for the benefit of their patient and dependent detainee MARGARITA LUNA.

97.     Defendant supervisors and each of them failed to supervise, train and monitor their subordinates, to maintain proper supervision, classification and staffing, to timely provide decedent MARGARITA LUNA emergency medical and mental health care, failed to provide adequate and competent staffing, and to ensure the care and treatment ordered for decedent MARGARITA LUNA was provided.

98.     As a direct and legal result of the aforesaid negligence and carelessness of Defendants' actions and omissions, Plaintiffs sustained injuries and damages, and against these Defendants, and each of them, are entitled to compensatory damages and as applicable to this claim for Medical Negligence, to be proven at time of trial.

99.     Defendants COUNTY and OCSD are vicariously liable for the violations of state law and conduct of their officers, deputies, employees, and agents, including individual named defendants, under California Government Code § 815.2.

## EIGHTH CLAIM FOR RELIEF

### Violation of California Government Code § 845.6

**By Plaintiff ESTATE OF MARGARITA LUNA As Against All Defendants save SHERIFF BARNES**

100.    Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

101.    The Decedent, MARGARITA LUNA, required immediate medical care and treatment. However, the defendants, SERGEANT ALIAN SIRGY, DEPUTY KENNETH HARNDEN, DEPUTY AIMEE HIDALGO, DEPUTY ALYSSA

1  MADDALENA, and Does 1 through 10, who were employed by Defendants County

2  and OCSD, failed to take reasonable action to summon immediate medical care and

3  treatment. Each individual defendant had knowledge of or reason to know about

4  MARGARITA LUNA's need for immediate medical care and treatment, yet they failed

5  to take reasonable action to summon such care and treatment. This conduct of the

6  defendants is in violation of California Government Code § 845.6.

7      102.   Defendants COUNTY and OCSD are vicariously liable for the violations

8  of state law and conduct of their officers, deputies, employees, and agents, including

9  individual named defendants, under California Government Code § 815.2.

10     103.   As a direct and proximate result of the aforementioned acts of these

11 Defendants, decedent MARGARITA LUNA was injured as set forth above, and their

12 losses entitle Plaintiff to all damages allowable under California law. Plaintiff sustained

13 serious and permanent injuries and is entitled to damages, penalties, costs, and attorney

14 fees under California law, including punitive damages against these individual

15 Defendants.

16                       **NINTH CLAIM FOR RELIEF**

17           **Violation of California Civil Code §52.1 (Tom Bane Act)**

18  **By Plaintiff ESTATE OF MARGARITA LUNA As Against All Defendants save**

19                          **SHERIFF BARNES**

20     104.   Plaintiffs reallege and incorporate herein by reference each of the

21 preceding paragraphs of this complaint, and any subsequent paragraphs.

22     105.   Plaintiffs bring the claims in this claim for relief as a survival claim

23 permissible under California law, including Cal. Code of Civ. Proc. § 377.20 *et. seq.*

24     106.   By their acts, omissions, customs, and policies, Defendants SERGEANT

25 ALIAN SIRGY, DEPUTY KENNETH HARNDEN, DEPUTY AIMEE HIDALGO,

26 DEPUTY ALYSSA MADDALENA, and DOES 1 through 10, each acting in

27 concert/conspiracy, as described above, while decedent MARGARITA LUNA was in

28 custody, and by threat, intimidation, and/or coercion, interfered with, attempted to

interfere with, and violated MARGARITA LUNA's rights under California Civil Code § 52.1 and under the United States Constitution and California Constitution as follows:

   a. The right to be free from objectively unreasonable treatment and deliberate indifference to Decedent's serious medical needs while in custody as a pretrial detainee as secured by the Fourth and/or Fourteenth Amendments to the United States Constitution and by California Constitution, Article 1, §§ 7 and 13;

   b. The right for the familial association to be free from government interference as secured by the Fourteenth Amendments to the United States Constitution;

   c. The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, § 1; and

   d. The right to emergency medical and mental health care as required by California Government Code §845.6.

   107.   Defendants' violations of decedent MARGARITA LUNA's due process rights with deliberate indifference, in and of themselves constitute violations of the Bane Act. Alternatively, separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of MARGARITA LUNA's rights as described above, Defendants violated MARGARITA LUNA's rights by the following conduct constituting threat, intimidation, or coercion:

   a. With deliberate indifference to Decedent's serious medical and mental health needs, suffering, and risk of grave harm including death, depriving Decedent of necessary, life-saving care for her medical needs;

   b. With deliberate indifference to hazards that posed a risk to individuals in custody, such as Decedent;

   c. Subjecting Decedent to ongoing violations of her rights to prompt care for her serious medical and mental health needs over days, causing immense

and needless suffering, intimidation, coercion, and threats to her life and well-being;

   d.   Deliberately contracting for and causing the provision of inadequate and incompetent medical health care to Orange County jail detainees and inmates;

   e.   Requiring medical and mental health staff to work outside their scope of practice, and conduct assessments, triage, and make medical and housing decisions for patients, including Decedent, they are not competent to make; and

   f.   Instituting and maintaining the unconstitutional customs, policies, and practices described herein, when it was obvious that in doing so, individuals such as Decedent would be subjected to violence, threat, intimidation, coercion, and ongoing violations of rights as Decedent was here.

108.   The threat, intimidation, and coercion described herein were not necessary or inherent to Defendants' violation of decedent MARGARITA LUNA's rights, or to any legitimate and lawful jail or law enforcement activity.

109.   Further, all of Defendants' violations of duties and rights, and coercive conduct, described herein were volitional acts; none was accidental or merely negligent.

110.   Further, each Defendant violated decedent MARGARITA LUNA's rights with reckless disregard and with the specific intent and purpose to deprive her of her enjoyment of those rights and of the interests protected by those rights.

111.   Defendant COUNTY is vicariously liable for the violations of state law and conduct of their officers, deputies, employees, and agents, including individual named defendants, under California Government Code § 815.2.

112.   As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of decedent MARGARITA LUNA's rights under the United

States and California Constitutions, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief, including punitive damages against all individual Defendants, and all damages allowed by California Civil Code §§ 52 and 52.1 and California law, not limited to costs attorneys' fees, and civil penalties.

### <u>REQUEST FOR RELIEF</u>

Wherefore, Plaintiffs respectfully requests that the Court enter a judgment as follows:

A.    Wrongful death of MARGARITA LUNA , pursuant to Cal. Code of Civ. Proc. § 377.60 *et. seq*.;

B.    Loss of support and familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support, pursuant to Cal. Code of Civ. Proc. § 377.60 *et. seq*.;

C.    MARGARITA LUN's coroner's fees, funeral and burial expenses, pursuant to Cal. Code of Civ. Proc. § 377.20 *et. seq*.;

D.    Violation of MARGARITA LUNA's constitutional rights, pursuant to Cal. Code of Civ. Proc. § 377.20 *et. seq*. and federal civil rights law;

E.    MARGARITA LUNA's loss of life, pursuant to federal civil rights law;

F.    MARGARITA LUNA's conscious pain, suffering, and disfigurement, pursuant to federal civil rights law;

G.    General Damages, including wrongful death and survival damages, in excess of the mandatory amount for jurisdiction in the Unlimited Superior Court;

H.    Non-Economic Damages, including wrongful death and survival damages, according to proof plus all further and proper relief;

I.    Punitive damages as to individual peace officer defendants;

J.    Attorney's fees pursuant to State Law (Cal. Code Civ. Proc. § 1021.5 & private attorney general doctrine);

31

**COMPLAINT FOR DAMAGES**

K.      Penalties under the Tom Bane Act;

L.      Interest; and

M.      All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure §§ 377.20 *et. seq*., 377.60 *et. seq*., and 1021.5; California Civil Code §§ 52 *et. seq*., 52.1; and as otherwise may be allowed by California and/or federal law.

Dated: November 20, 2023          **LAW OFFICES OF CHRISTIAN CONTRERAS**
                                                         **A PROFESSIONAL LAW CORPORATION**

By: _____
Christian Contreras, Esq.
Attorneys for Plaintiffs,
ESTATE OF MARGARITA LUNA , et al.

## DEMAND FOR JURY TRIAL

Plaintiffs, ESTATE OF MARGARITA LUNA, D.P.1, D.P.2, RAYMUNDO LUNA, and MARGARITA LUNA hereby make a demand for a jury trial in this action.

Dated: November 20, 2023          **LAW OFFICES OF CHRISTIAN CONTRERAS**
                                                         **A PROFESSIONAL LAW CORPORATION**

By: _____
Christian Contreras, Esq.
Attorneys for Plaintiffs,
ESTATE OF MARGARITA LUNA , et al.

**COMPLAINT FOR DAMAGES**